UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CHERIE ANTOINE HARDIE | : | DOCKET NO. 2:05 CV 1543 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| TARGET CORPORATION OF MINNESOTA | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 14] filed by defendant, Target Corporation of Minnesota. ("Target"). Plaintiff filed an opposition [doc. 20], to which defendant filed a reply [doc. 21].

## FACTS

On April 30, 2005, the plaintiff, Cherie Antoine Hardie ("Hardie"), her mother, and infant daughter were shopping at a Target store, owned and operated by the defendant.[1] As Hardie proceeded down an aisle where chemical detergents are sold, she slipped and fell.[2] The fall was later determined to be caused by a puddle of liquid laundry detergent, originating from a leaky bottle located at the end of the aisle.[3] Both parties agree that neither Hardie nor her mother, who had

---

[1] Plaintiff's Statement of Undisputed Facts ¶ 1.

[2] *Id.* at ¶ 6.

[3] *Id.* at ¶ 7.

1

preceded her down the aisle, noticed the puddle of detergent prior to the fall.[4]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[5] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has

---

[4] Plaintiff's Statement of Undisputed Facts ¶¶ 4-5; Defendant's Statement of Uncontested Material Facts ¶¶ 4-6.

[5] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

## ANALYSIS

Louisiana's merchant-premises liability statute places the burden of proof squarely on the plaintiff in slip and fall claims against merchants. La. Rev. Stat. 9:2800.6. In addition to proving the elements of ordinary negligence, section B of the statute requires the plaintiff to prove three additional elements. The statute clearly sets forth that the claimant must prove *all* elements of section B. See also, *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). At issue here is subsection B(2), which mandates that the plaintiff prove "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. Rev. Stat. 9:2800.6 (B) (2).

The chief case interpreting section B is *White v. Wal-Mart Stores, Inc.* 699 So.2d 1081. With respect to subsection B(2), the Court held that the statute requires a positive showing that the merchant had notice of the condition prior to the occurrence. They further stated, "The statute does not allow for the inference of constructive notice absent some showing of this temporal element.

3

The claimant must make a positive showing of the existence of the condition prior to the fall."[6]

In the instant matter, Hardie alleges that Target had constructive notice of the spill by virtue of a failure to follow its own safety procedures. Plaintiff cites two cases in support of this argument. These cases, however, are clearly distinguishable from the case at bar.

In the first case, *Davis v. M & E Food Mart, Inc*, the court found that there was a failure by employees "to conduct scheduled sweeps or clean aisles on certain specific days at various times, including times during which regular sweeps should have been conducted." 829 So.2d 1194, 1199 (La.. App. 3 Cir. 2002). Accordingly, the *Davis* court reasoned that there was a material issue of fact as to whether the hazard existed "for some period of time to satisfy the temporal requirement." *Id*. at 1199. The second case, *Parker v. Winn-Dixie Louisiana, Inc.*, also involved a positive showing that the merchant failed to follow a specific safety plan. 615 So.2d 378, 380 (La. App. 5 Cir. 1993).

In contrast to *Davis* and *Parker*, Hardie offers no proof that Target failed to follow safety procedures. Malcolm Morgan, the store's "Leader-on-Duty" on the day of the accident, testified that he had inspected the area where the accident occurred on three occasions prior to Hardie's fall.[7] Morgan further testified that his inspections were conducted regularly, throughout the day, pursuant to the store's inspection procedure.[8] Morgan also testified that it was Target's corporate policy that all employees are responsible for the clean-up of any spills encountered while moving about the store. Significantly, two other store employees, Kristalynn Williams and Carla Fontenot, testified

---

[6] *Id*.

[7] Morgan Depo., pp. 14-16.

[8] *Id*.

4

that they had walked by the accident site 10 to 15 minutes before Hardie fell.[9]

In light of the above testimony, Hardie cannot establish a genuine issue of material fact. There is no competent evidence that the pool of detergent existed prior to the fall for such a time that defendant would have discovered it through the exercise of reasonable care. "Though the time period need not be specific *in minutes or hours*, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *White*, 699 So. 2d at 1084-85 (italics in original). As such, the plaintiff cannot establish that Target had constructive notice of the alleged hazardous condition.

Notwithstanding, the plaintiff argues for the preclusion of summary judgment on the grounds of alleged inconsistencies between affidavit and deposition testimony. Hardie asserts that these inconsistencies raise questions of credibility and thereby create genuine issues of material fact. Specifically, Hardie alleges that Morgan's deposition testimony directly contradicts the statement in his affidavit that he had conducted three routine inspections of the store prior to the accident. Hardie also alleges that the depositions of employees Williams and Fontenot contradict their affidavits, wherein they testify to having walked by the accident site 10 to 15 minutes before the accident.

If there exist genuine inconsistencies in testimony which raise issues of credibility, summary judgment is inappropriate. The trial court is not to judge the credibility of witnesses; this is the function of the trier of fact. *Honore v. Douglas* 833 F. 2d 565, 567 (5th Cir. 1987). However, "'metaphysical doubt' about material facts is insufficient to preclude a grant of summary judgment. And, just as plainly, a motion for summary judgment cannot be defeated solely by conclusional

---

[9] Affidavit of Kristalynn Williams ¶ 3; Affidavit of Carla Fontenot ¶ 4.

allegations that a witness lacks credibility." *Thomas v. Great Atlantic and Pacific Tea Co., Inc.* 233 F.3d 326, 331 (5th Cir. 2000) (internal citations omitted).

Thus, while not in a position to make determinations of credibility, the court may properly consider the existence of inconsistencies between depositions and affidavits. In doing so, the court finds Hardie's allegations of conflicting testimony without merit. The events at issue in this case occurred in April 2005. Morgan, Williams, and Fontenot were deposed in June 2006. Simply because Morgan could not remember where he was thirty minutes before the accident does not render inconsistent his affidavit statement that he conducted regular inspections of the store.[10] Similarly, because Williams could not remember the exact time she walked by the accident site[11] and Fontenot could not remember her exact location moments before the accident,[12] does not mean that neither of them walked by accident site 10 to 15 minutes prior to the accident, as stated in their affidavits.

Accordingly, and for the reasons assigned, defendant Target's motion for summary judgment will be granted.

Lake Charles, Louisiana, this \_\_11\_\_ day of August 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] *Compare* Morgan Depo. p. 25 *with* Affidavit of Malcolm Morgan ¶ 3.

[11] *Compare* Williams Depo. p. 57. *with* Affidavit of Kristalynn Williams ¶ 3.

[12] *Compare* Fontenot Depo. pp. 48-49 *with* Affidavit of Carla Fontenot ¶ 4.

6